# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DAVID L. WILLIAMS, SR. (#292013)**  CIVIL ACTION

**VERSUS**

**RICHARD J. WARD, ET AL.**  NO. 10-0408-JVP-DLD

## RULING ON MOTION

This matter comes before the Court on the plaintiff's Motion, rec.doc.no. 20, wherein he requests a copy of all pleadings filed in the above-captioned proceeding and seeks the appointment of counsel.

The pro se plaintiff, an inmate confined at the West Baton Rouge Parish Detention Center, Port Allen, Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against District Attorneys Richard J. Ward, Jr. and Martin K. Maley, Sr., Sheriff Mike Cazes, Warden Bryan Bellelo and Classification Officer Troy Dickerson. By Amended Complaint filed on July 28, 2010, the plaintiff added Detectives Kevin Cyrus and Kenneth Young as defendants herein. The plaintiff complains that he has been subjected to false imprisonment because, in March, 2010, a Louisiana grand jury returned a "no true bill" in connection with criminal charges pending against him in the 18th Judicial District. Notwithstanding, he asserts that he has been retained in custody, and he seeks monetary recovery for this alleged wrongful confinement.

Initially, the Court notes that the plaintiff is not entitled to a copy, at public expense, of all pleadings filed in this matter. Accordingly, this aspect of the plaintiff's motion shall be denied.

Turning to the plaintiff's request for the appointment of counsel, the law is clear that the Court does not have the power or authority under § 1915(d) to "appoint" counsel in a civil rights case in the sense of requiring or compelling an attorney to represent the plaintiff in connection with his claims. See Mallard v. United States District Court, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d

318 (1989). Section 1915(d), by its express terms, authorizes the Court only to "request" an attorney to represent an in forma pauperis litigant. Id. Further, an in forma pauperis plaintiff seeking to assert a civil rights claim under § 1983 has no automatic right to the assistance of counsel under § 1915(d), and the Court is not required to seek such counsel "unless the case presents exceptional circumstances." See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). As explained in Ulmer, supra:

> Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case...; (2) whether the indigent is capable of adequately presenting his case...; (3) whether the indigent is in a position to investigate adequately the case...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination ....

In the instant case, the Court finds that such "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. This complaint is neither factually nor legally complex, and no other factors in Ulmer, supra, are found to require appointment of counsel. The plaintiff has set out the factual basis for his claim in his Complaint. This pleading and others reflect that the plaintiff understands the proceedings and can address the issues presented. The plaintiff has presumably been provided with the records of his administrative proceedings. He will also have the benefit of Court-ordered discovery and will be able seek other documentation and information through formal discovery channels. He can use these materials to cross-examine the defendants and prepare for trial.

Further, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. Pro se plaintiffs are given great flexibility in the examination of witnesses. The plaintiff has adequately presented his case thus far and does not appear to come within the "exceptional circumstances" test.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a pro se lawsuit. For this reason, pro se pleadings are held to less stringent standards than formal pleadings drafted by attorneys. Haines v. Kerner,

404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). This Court is liberal in reviewing inmate pro so pleadings and motions filed under § 1983, giving inmates ample opportunity to amend if necessary, and granting generous extensions of time to comply with Court Orders. Consequently, the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time.

Finally, the Court finds that the appointment of counsel would be of little service to the Court or the plaintiff in this case and would not significantly assist in the shaping of the examination of the witnesses or the sharpening of the issues for trial.

Having considered the factors set forth in Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982), the Court finds that appointment of counsel is not required or warranted in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's request for copies of all pleadings filed in this matter is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 14, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**