**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DAVID L. WILLIAMS, SR. (#292013)**                        **CIVIL ACTION**

**VERSUS**

**RICHARD J. WARD, ET AL.**                                        **NO. 10-0408-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 7, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID L. WILLIAMS, SR. (#292013)** | **CIVIL ACTION** |
| **VERSUS** | |
| **RICHARD J. WARD, ET AL.** | **NO. 10-0408-BAJ-DLD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the cross-motions for summary judgment of the plaintiff and defendants Mike Cazes, Bryan Bellelo, Kevin Cyrus, Kenneth Young and Troy Dickerson, rec.doc.nos. 15 and 17.[1]

The pro se plaintiff, an inmate confined at the West Baton Rouge Parish Detention Center, Port Allen, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against District Attorneys Richard J. Ward, Jr., and Martin K. Maley, Sheriff Mike Cazes, Warden Bryan Bellelo and Classification Officer Troy Dickerson. By Amended Complaint filed on July 28, 2010, the plaintiff added West Baton Rouge Parish Sheriff's Detectives Kevin Cyrus and Kenneth Young as defendants herein. The plaintiff complains that he has been subjected to false imprisonment because, on March 11, 2010, a Louisiana grand jury returned a "no true bill" in connection with criminal charges then pending against him in the 18th Judicial District Court. He asserts that, notwithstanding, he was thereafter retained in custody, and he seeks monetary recovery for this alleged wrongful confinement.

The plaintiff moves for summary judgment relying upon the pleadings, an Order dated August 13, 2009 (setting bail and appointing counsel for the plaintiff in connection with his arrest

---

[1] Although defendants Richard J. Ward, Jr., and Martin K. Maley, have been served, see rec.doc.no. 9, they have neither appeared in this proceeding nor participated in the instant motions.

on August 11, 2009, on a charge of forcible rape), a "no true bill" determination dated March 11, 2010, by the Eighteenth Judicial District Court Grand Jury in connection with the forcible rape charge, a writ denial dated April 12, 2010, by the Louisiana Court of Appeal for the First Circuit (finding that the plaintiff "[was] no longer being held for the charge at issue"), an excerpt from a legal memorandum filed by the defendants in other litigation instituted by the plaintiff before this Court (<u>David Williams v. Sheriff Mike Cazes, et al.</u>, Civil Action No. 09-0895-JJB-DLD), correspondence dated May 24, 2010, from the plaintiff's attorney, Tonya S. Lurry, to the Louisiana Office of Disciplinary Counsel, an Order dated March 22, 2010 (appointing counsel for the plaintiff in connection with his arrest on March 18, 2010, on separate charges of first degree murder), a motion submitted June 2, 2010, by the District Attorney for the Eighteenth Judicial District Court, and signed by District Judge Robin Free on June 7, 2010, granting a <u>nolle prosequi</u> in connection with the forcible rape charge, and an inmate grievance filed by the plaintiff at the West Baton Rouge Parish Detention Center in April, 2010, complaining of his continued confinement in connection with the forcible rape charge.

The moving defendants request summary judgment in their favor, relying upon the pleadings, a Statement of Uncontested Material Facts, a Bill of Information dated January 5, 2010, charging the plaintiff with forcible rape, a "no true bill" determination dated March 11, 2010, by the Eighteenth Judicial District Court Grand Jury in connection with the forcible rape charge, an extract from the minutes of the Eighteenth Judicial District Court dated June 7, 2010, reflecting the entry of a <u>nolle prosequi</u> in connection with the forcible rape charge, certified copies of records from the West Baton Rouge Parish Detention Center, reflecting the plaintiff's arrest on March 18, 2010, on 2 counts of first degree murder, a "true bill" determination dated July 6, 2010, by the Eighteenth Judicial District Court Grand Jury in connection with charges against the plaintiff of second degree murder, simple arson, and of being a felon in possession of a firearm, an application filed by the plaintiff on March 7, 2010, for supervisory review of his confinement by the Louisiana Court of Appeal for the First Circuit, and an excerpt from a legal memorandum instituted by the defendants

in other litigation filed by the plaintiff before this Court (<u>David Williams v. Sheriff Mike Cazes, et al.</u>, Civil Action No. 09-0895-JJB-DLD).

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. <u>Anderson</u>, <u>supra</u>. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. <u>Celotex</u>, <u>supra</u>. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. <u>Little</u>, <u>supra</u>, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257 (5th Cir. 1994), <u>cert. denied</u>, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

Based upon the evidence before the Court, the Court concludes that the defendants' motion should be granted, dismissing the plaintiff's claims asserted against them.[2] The undisputed

---

[2] To the extent that documentation relied upon by the respective parties is neither certified nor supported by sworn affidavits, such documentation would normally be viewed as hearsay evidence not properly before the Court. See <u>Martin v. John W. Stone Oil Distributor, Inc.</u>, 819 F.2d 547 (5th Cir. 1987)("Unsworn documents are ... not appropriate for consideration [on

evidence reflects that the plaintiff was arrested on August 11, 2009, on a charge of forcible rape and was brought before District Judge Robin Free on August 13, 2009, at which time counsel was appointed to represent him, and bail was set at $150,000.00. Inasmuch as the plaintiff was apparently unable to post the required bail, he remained in confinement in connection with the pending charge. Thereafter, on January 5, 2010, the District Attorney for the Eighteenth Judicial District Court formally charged the plaintiff, by bill of information, with the offense of forcible rape. In addition, in March, 2010, the District Attorney presented the plaintiff's case before a grand jury, which on March 11, 2010, entered a "no true bill" in connection with the forcible rape charge. Notwithstanding, the plaintiff remained confined at the West Baton Rouge Detention Center at that time, and no immediate action was taken for his release.[3] Finally, on March 18, 2010, seven days later, the plaintiff was formally arrested and charged on two separate counts of first degree murder, and on March 22, 2010, Judge Robin Free entered a ruling denying bail in connection with these latter charges. Accordingly, inasmuch as the plaintiff does not explicitly challenge his confinement preceding the grand jury's "no true bill" determination on March 11, 2010, and inasmuch as the formal entry of separate murder charges on March 18, 2010, created an independent basis for the plaintiff's confinement, it appears that the sole question before this Court is whether the plaintiff was subjected to wrongful confinement for the seven (7) days between March 11, 2010, the date of the "no true bill" entered in connection with the forcible rape charge, and March 18, 2010, the date of his subsequent arrest on separate charges.

---

motion for summary judgment]"). Notwithstanding, the records of the plaintiff's criminal proceedings may be considered as public records within the hearsay exception provided by Fed. R. Evid. 803(8). Further, both parties have relied upon essentially the same documentation in presenting their respective motions, and neither party has disputed the essential factual assertions of the other. Accordingly, the Court considers this documentation to be reviewable and to be properly before it. Finally, the plaintiff has not disputed the defendants' Statement of Undisputed Material Facts nor submitted his own statement of facts as to which he contends there exists a genuine issue to be tried. Accordingly, pursuant to Local Rules 56.1 and 56.2, the facts as stated in the defendants' Statement of Undisputed Material Facts are deemed admitted pursuant to those Local Rules.

      [3]      It was not until June 7, 2010, that a formal nolle prosequi was entered by the district attorney in connection with the forcible rape charge.

Based on the foregoing undisputed facts, it appears that there is no legal or factual basis for the plaintiff's claim. Under Louisiana law, a prosecution for forcible rape may be instituted either by bill of information or by grand jury indictment. Accordingly, inasmuch as the district attorney filed a bill of information against the plaintiff in January, 2010, charging him with forcible rape, the district attorney was entitled to continue the prosecution of the plaintiff and to maintain him in custody in connection with that charge, notwithstanding that the case was also presented to a grand jury and that the grand jury entered a "no true bill" on March 11, 2010. As stated in State v. Tanner, 425 So.2d 760 (La. 1983):

> The district attorney determines whom, when and how he shall prosecute in his district. LSA - C.Cr.P. art. 61. Although a grand jury is generally regarded as an investigatory tool of the prosecutor, the district attorney is not bound by the grand jury's action. As stated in the official revision comment under LSA - C.Cr.P. art. 444, "[t]he return of 'not a true bill' does not operate as an acquittal, and does not preclude a subsequent charge of the crime by an information filed by the district attorney or by an indictment returned by a subsequent grand jury."

For this reason, there was adequate legal justification for maintaining the plaintiff in custody after the grand jury returned a "no true bill", and the plaintiff is not entitled to complain regarding his continued custody pending the entry of a formal nolle prosequi by the district attorney.[4] For this reason, the plaintiff's claim must be dismissed.

In addition to the foregoing, the plaintiff has failed to allege any actionable wrongdoing by the defendants named herein. In the first place, the plaintiff's claim of "false imprisonment" under § 1983, to the extent that it was ever viable, ended on the date that he was brought before Judge Free on August 13, 2009 (after his arrest on August 11, 2009). As stated in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), inasmuch as "false imprisonment consists of

---

[4] One of the plaintiff's principle arguments appears to be that when he filed a supervisory writ in the Louisiana Court of Appeal for the First Circuit on March 7, 2010, complaining of his continued confinement on the forcible rape charge, the First Circuit Court denied the writ on April 12, 2010, for the reason that the Court had been "advised by the West Baton Rouge Parish Sheriff's Office that relator is no longer being held for the charge at issue". While this statement is technically incorrect – because the forcible rape charge had not yet been nolle prossed at that time – the effect of this error is insignificant because the plaintiff was at that time in confinement in connection with the subsequent murder charges.

detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u> - when, for example, he is bound over by a magistrate or arraigned on charges." (Emphasis in original). Accordingly, the plaintiff's claim of "false imprisonment" ended when he was subjected to formal process, through presentation before Judge Free for the purpose of appointing counsel and setting bail, and any claim arising thereafter must be based upon the "'entirely distinct' tort of malicious prosecution, which tort operates to remedy "detention accompanied, not by absence of legal process, but by <u>wrongful institution</u> of legal process." <u>Id.</u> (Emphasis in original). And in this regard, the plaintiff has not adequately pled a claim of malicious prosecution under § 1983. As stated in <u>Castellano v. Fragozo</u>, 352 F.3d 939 (5th Cir. 2003) (<u>en banc</u>), <u>cert. denied</u>, 543 U.S. 808, 125 S.Ct. 33, 160 L.Ed.2d 10 (2004), a claim of malicious prosecution is not viable without specific reference to a federal constitutional right which the defendants have allegedly violated. The mere institution of prosecution without probable cause, without more, will not meet this requirement. <u>Id.</u> In the instant case, the plaintiff has not alleged that his prosecution for forcible rape was instituted without probable cause, and he has not explicitly alleged the violation of any specific constitutional right in connection with his arrest and detention on the forcible rape charge. Absent that, he asserts only a "freestanding constitutional right to be free from malicious prosecution", which is not actionable under <u>Castellano</u>. <u>Id.</u> Accordingly, the plaintiff fails to state a claim in this regard.

Further, although the plaintiff asserts that the defendants should have taken action to have him released from confinement after the entry of the "no true bill", there is no legal or factual basis for this assertion. During the time period of which he complains, <u>i.e.</u>, the seven days between March 11 and March 18, 2010 (after the entry of the "no true bill" and before the plaintiff's arrest on subsequent murder charges), the plaintiff was confined pursuant to a judicial order imposing bail in the amount of $150,000.00 as a condition of his release and a bill of information filed by the state district attorney formally charging him with that offense. After return of the "no true bill", no judgment or order was immediately entered by a state court judge authorizing the plaintiff's release

from confinement. Accordingly, there was no legal basis for any of the moving defendants (Sheriff Cazes, Warden Bellelo, Classification Officer Dickerson, and Detectives Cyrus and Young) to take any action to release the plaintiff from confinement. The only specific wrongdoing which the plaintiff seems to complain of in this regard is that, as previously noted, see note 3, supra, unnamed officials employed by the West Baton Rouge Sheriff's Office and/or by the District Attorney's Office wrongly informed the Louisiana Court of Appeal for the First Circuit in April, 2010, that the plaintiff was no longer being confined in connection with the forcible rape charge, notwithstanding that the charge had not yet been formally dismissed by the district attorney. As previously noted, however, this error did not in any way change the legal status of the plaintiff's custody, nor the continued validity of such custody in light of the pending bill of information and the subsequent entry of murder charges. Further, although the plaintiff asserts that detectives Cyrus and Young encouraged the district attorney to maintain the forcible rape charge after entry of the "no true bill", because they were at that time investigating the referenced murder charges, this claim, even if true, is not one of constitutional dimension. As previously noted, a district attorney who has charged a plaintiff with a criminal offense by bill of information is not constrained by a subsequent grand jury indictment and may continue to prosecute the accused without regard to the entry of a "no true bill". Accordingly, the plaintiff fails to state a claim against the moving defendants.

Finally, although defendants Richard Ward and Martin Maley have not appeared in this proceeding, this Court is authorized, pursuant to 28 U.S.C. § 1915(e), to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.

Denton, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying this standard to the plaintiff's claim asserted against district attorneys Richard Ward and Martin Maley, it appears clear that the plaintiff fails to state a claim upon which relief may be granted. Specifically, the plaintiff's claim asserted against these defendants is barred by the doctrine of absolute prosecutorial immunity. A district attorney is absolutely immune in a civil rights lawsuit for any action taken pursuant to his role as prosecutor in preparing for the initiation of judicial proceedings or in presenting the State's case before the court. See Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Esteves v. Brock, 106 F.3d 674 (5th Cir.), cert. denied, 522 U.S. 828, 118 S.Ct. 91, 139 L.Ed2d 47 (1997). The courts employ a "functional" test to determine whether a prosecutor is entitled to absolute immunity, pursuant to which the courts look to the "nature of the function performed". Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). A prosecutor's immunity applies to his actions in initiating prosecution, in carrying the case through the judicial process, and to those actions which are "intimately associated with the judicial phase of the criminal process." Esteves v. Brock, supra, quoting Imbler v. Pachtman, supra. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Labry v. Mamoulides, 248 F.3d 1142 (5th Cir. 2001), quoting Kerr v. Lyford, 171 F.3d 330 (5th Cir. 1999). In the instant case, the plaintiff's claim against district attorneys Richard Ward and Martin Maley is based on the defendants' conduct as advocates for the State of Louisiana, and the defendants are therefore entitled to absolute prosecutorial immunity. See Imbler, supra; Cousin v. Small, 325 F.3d 627 (5th Cir. 2003), cert. denied, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003). Accordingly, the plaintiff's claims asserted against

these defendants must be dismissed because he seeks recovery from defendants who are immune from such relief. See Delaney v. Ackal, 2009 WL 5195935 (W.D. La., Oct. 10, 2009).

RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 15, be denied and that the Motion for Summary Judgment of defendants Mike Cazes, Bryan Bellelo, Kevin Cyrus, Kenneth Young and Troy Dickerson, rec.doc.no. 17, be granted, dismissing the plaintiff's claims asserted against these defendants, with prejudice. It is further recommended that the plaintiff's claims asserted against the remaining defendants, Richard Ward and Martin Maley, be dismissed pursuant to 28 U.S.C. § 1915(g), and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 7, 2011.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**